Matthew J. Jasen, J.
There are cross motions in this case, the defendant moving to direct the plaintiff: (a) To wind np the partnership affairs, (b) to account fully since January 1, 1954, and (c) to direct the public sale of the partnership property, and the plaintiff moving for an order directing that the title of this action be changed to include, as a defendant, the estate of Peter 0. Nebrich and his executors, and for an order *1012 that the plaintiff be permitted to purchase the partnership assets pursuant to the articles of copartnership conformed with the joint business valuation buy and sell agreement, or in the alternative, for an order authorizing the plaintiff to pay to the estate of the defendant Peter C. Nebrich an amount of money arrived at by a fair and reasonable appraisal of the partnership assets by an accredited appraiser, and to pay to Nebrich’s estate his fair and reasonable share of the partnership assets or in the alternative, for an order authorizing the plaintiff to pay to the estate of Peter 0. Nebrich an amount arrived at by this court from an examination of the balance sheets of the partnership or in the alternative, for an order authorizing the plaintiff to pay to the estate of Peter C. Nebrich an amount of money as decided by this court after hearing on the books, accounts and records of the partnership.
This case has had a brief but stormy history in the courts. Early in 1957 the plaintiff commenced an action against the defendant Peter C. Nebrich, his incompetent partner, and the other defendants who are said incompetent’s committee, for a dissolution of the partnership on the grounds of the incompetency of the defendent Peter 0. Nebrich, pursuant to section 63 of the Partnership Law. An interlocutory judgment, decreeing the dissolution of the partnership was granted by this court on June 19, 1957. That judgment was appealed to the Appellate Division and by a decision dated November 13, 1957 (4 A D 2d 526), the interlocutory judgment of June 19, 1957, insofar as it decreed dissolution, was affirmed. The Appellate Division, however, modified the provisions of certain other parts of the interlocutory decree, namely, the method by which disposition was to be made of the partnership assets.
In 1952, before the unfortunate illness of the defendant Peter C. Nebrich, the partners had entered into a partnership agreement and also a joint business valuation and optional buy and sell agreement. The partnership agreement provided various grounds for dissolution of the partnership, including the death, bankruptcy or insolvency of either of the partners. The partnership agreement also provided that in case of dissolution for any of the grounds mentioned therein, liquidation of the partnership would be made in accordance with the joint business valuation and optional buy and sell agreement. Under the provisions of the interlocutory decree granting dissolution of the partnership by virtue of the incompetency of Peter G. Nebrich, the trial court held that the liquidation of the assets of the partnership was to be made in accordance with this agreement even though the adjudged dissolution was not made pursuant to *1013 the partnership agreement. The Appellate Division held that liquidation pursuant to the joint business valuation and optional buy and sell agreement was not proper in that the dissolution was not granted pursuant to the partnership agreement and that therefore the partnership agreement did not apply. The Appellate Division held that pursuant to the Partnership Law, the court could direct disposal of the partnership property in such manner and at such time as it saw fit, and it modified the interlocutory decree in this respect and remitted the matter to Special Term to proceed in accordance with its opinion.
On November 26, 1957, 13 days following the decision of the Appellate Division, and before the matter could be brought before Special Term, the incompetent defendant, Peter 0. Nebrich, died. The basic contention of the plaintiff on this motion is that insomuch as the incompetent defendant is now deceased, and because dissolution by death of one of the partners would call for liquidation pursuant to the joint business valuation and optional buy and sell agreement, the liquidation should now be carried out pursuant to the terms of that agreement, despite the Appellate Division’s decision. The defendants, on the other hand, take the position that the optional buy and sell agreement could only have been used if the dissolution itself had been caused by the death of the defendant Peter 0. Nebrich, and that since the Appellate Division has affirmed the judgment of dissolution and held that the optional buy and sell agreement could not be used in the liquidation, there now must be a public sale of the partnership assets.
The plaintiff here overlooks the fact that the dissolution of the partnership was a fait accompli and that no matter what happened to either of the partners following the interlocutory judgment of dissolution, the partnership was dissolved from the date of the decree. It cannot now be said that the death of the defendant Peter C. Nebrich caused the dissolution of the partnership so as to make applicable the provisions of the buy and sell agreement. We must abide by the decision of the Appellate Division which affirmed the decree of dissolution and held that the partnership assets must be liquidated in accordance with the Partnership Law, rather than the agreement of the partners. However, this does not mean that there must be a public sale of the partnership assets. While it is true that the Appellate Division suggested that a public sale might be the wise method of disposing of the partnership assets, this suggestion was made because both partners were still living, neither one was at fault, and neither partner could compel the other partner to sell his share of the assets so that he could continue *1014 in the business himself. Since the death of defendant Peter C. Nebricb, however, the legal relationship of the parties is quite different.
The legal representative of the deceased, former partner Peter C. Nebrich, has the right to a complete accounting of the profits of the former partnership and after the payment of all debts, is entitled to receive his share of the assets which in this case, amounts to 50%. However, there is no reason for compelling the public sale. The surviving partner apparently desires to continue the business of the former partnership, and since his former partner is now deceased, and since the legal representative of a deceased partner has no right to compel the surviving partner to enter into a partnership with him, it would be inequitable and unfair to the surviving partner to have a public sale. The legal representative of the deceased partner will be fully protected by a disinterested appraisal of the assets of the former partnership and by receiving decedent’s share on the purchase of the deceased’s partner’s assets by the surviving partner at the appraisal price. For this purpose, the court will appoint two qualified, disinterested appraisers to make an appraisal of the firm’s assets and upon the filing with the court of such appraisals and the final accounting’, as directed by the interlocutory decree of June 19, 1957, the court will approve the sale of the deceased former partner’s interest to the surviving partner providing that cash is paid for said interest. If the surviving partner is unable to do this, then it will be necessary, in the interest of justice, to order a public sale.